IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDUARDO TORRES ESQUIVEL, | § § § | |
| Movant, | § § | |
| v. | § § | Civil Action No. 4:20-cv-1280-O |
| UNITED STATES OF AMERICA, | § § § | Criminal No. 4:13-cr-188-O(4) |
| Respondent. | § | |

**ORDER and OPINION**

Before the Court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence of Defendant/Movant Eduardo Torres Esquivel ("Esquivel") (ECF No. 1), the amended § 2255 Motion and brief in support (ECF Nos. 4, 5), as well as Esquivel's response to the Court's Order that he show cause why his motion is not time-barred. *See* Resp., ECF No. 7. The Court, having considered the motion, amended motion, brief in support, response, and record, including the record in the underlying criminal case, No. 4:13-cr-188-O(4), and applicable authorities, finds that the motion should be dismissed as untimely.

**I.   BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 8, 2014, Esquivel entered a plea of guilty to the charge of Conspiracy to Possess with Intent to Distribute Methamphetamine. *See* No. 4:13-cr-188-O(4), *United States v. Esquivel*, ECF Nos. 59, 60. On April 28, 2014, after considering the Sentencing Guidelines and all relevant factors, the Court imposed a sentence of 240 months confinement to be followed by three years of supervised release. *See* Judgment, ECF No. 128. On June 24, 2015, Esquivel's direct appeal was dismissed as frivolous. *See* ECF No. 215. On May 31, 2016, Esquivel's sentence was reduced to 235 months pursuant to a Sentencing Guidelines amendment. *See* Order, ECF No. 228.

1

On November 30, 2020, Esquivel filed a Motion to Correct a Clear Error of Law and to Prevent Manifest Injustice. ECF No. 239. After reviewing the motion, the Court ordered that, based upon the grounds for relief presented, the Court would construe the motion as a motion filed under 28 U.S.C. § 2255. *See* Order, ECF No. 240. Because Esquivel did not mention 28 U.S.C. § 2255 in his motion, the Court provided him with the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that a district court should not recharacterize a pro se post-conviction motion as a first Section 2255 motion absent notice and warning to the Defendant as to the consequences of that recharacterization. *Castro*, 540 U.S. at 383.

Pursuant to *Castro*, the Court advised Esquivel that, if he proceeds with this motion, any § 2255 motion he files in the future will be subject to the restrictions imposed on second or successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Therefore, the Court gave Esquivel the opportunity to either (1) withdraw the motion or (2) amend the recharacterized motion so that the motion contains all grounds for relief that he believes he has available under § 2255.

In that vein, the Court ordered that by December 31, 2020, Esquivel must either (1) withdraw the document that the Court had recharacterized as a § 2255 motion or (2) file an amended motion on the Court's § 2255 form that includes all grounds for relief he believes are available to him. Finally, the Court ordered the Clerk of Court to open a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence).

On December 1, 2020, the Clerk of Court opened the civil case. *See* Section 2255 Mot., ECF No. 1. On December 21, 2020, the Clerk of Court docketed Esquivel's amended § 2255 motion and brief in support. *See* ECF Nos. 4, 5.

## II.     GROUNDS FOR MOTION

Esquivel asks the Court to vacate his conviction and sentence on the following grounds:

1. ineffective assistance of counsel;

2. misleading and deceitful action by the Government;

3. failure of the Government to file a timely indictment;

4. the Court lacked jurisdiction to convict;

5. involuntary plea of guilty;

6. defective complaint and indictment;

7. insufficient evidence to support the conviction;

8. lack of any factual basis to support the plea of guilty;

9. denial of due process with regard to drug quantity attributed to him;

10. error in calculating his base offense level under the Sentencing Guidelines; and,

11. error in the Court's finding of a conspiracy.

*See* ECF Nos. 4-5.

## III.    TIMELINESS OF MOTION

This Court, pursuant to its authority to summarily review the § 2255 Motion under Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts, recognized that the § 2255 motion appeared untimely and issued a show cause order, in which it directed Esquivel to respond with any arguments as to why his § 2255 motion should not be dismissed as untimely. *See* Order to Show Cause, ECF No. 6. Esquivel responded as ordered. Resp. to Show Cause Order, ECF No. 7. Among other things, Esquivel states that his motion is not time-barred as he "is actually innocent of the charged offense, and a miscarriage of justice has occurred, as a result of an unknowing and involuntary guilty plea." *Id.* at 4. He also asserts that his counsel was ineffective. *Id.* at 5.

Title 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United Sates is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)-(4) (West 2019).

Esquivel's judgment of conviction was entered on the docket on April 28, 2014. J., *United States v. Esquivel*, No. 4:13-cr-188-O(4), ECF No. 128. Esquivel filed a notice of appeal and the Fifth Circuit dismissed his direct appeal as frivolous on June 24, 2015. *See* ECF No. 215. Esquivel did not seek certiorari. In *Clay v. United States*, the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The Supreme Court's rules of procedure provide that a defendant has ninety days after the court of appeals affirms the conviction to file a certiorari petition, unless an extension is obtained. *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing Sup. Ct. R. 13.1).

Esquivel's judgment of conviction, therefore, became final on September 22, 2015, at the expiration of the ninety-day period in which Esquivel could have sought certiorari. Thus, under 28

4

U.S.C. § 2255(f)(1), Esquivel had one year, or through September 22, 2016, to timely file a § 2255 motion under § 2255(f)(1). Esquivel's § 2255 motion was constructively filed in this Court on November 23, 2020, approximately four years beyond the applicable § 2255(f)(1) limitations deadline.[1]

The limitations provision also includes other grounds for a later limitation start date, including the date any government action impeding filing is removed, the date of a retroactively applicable right recognized by the Supreme Court, or the date of discovery of facts supporting any claim that could not have been discovered through due diligence. *See* 28 U.S.C. § 2255 (f)(2)-(4). Although Esquivel references these provisions in his response to the Court's show cause Order, he provides no cogent argument that he is entitled to a different limitation commencement date under any of these provisions.[2]

The one-year limitation period for filing a motion under § 2255 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010*).* Even though Esquivel does not appear to allege equitable tolling, the Court notes that it would not apply here. The doctrine of

---

[1] A pro se prisoner's habeas corpus application/petition is constructively filed when the prisoner delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)). Although the Clerk of Court received and filed Esquivel's § 2255 motion on November 30, 2020, Esquivel dated that motion on November 23, 2020. Mot. Vacate 19, ECF No. 1. Thus, November 23, 2020, is the earliest date Esquivel's § 2255 motion was constructively filed.

[2] Insofar as Esquivel argues that he is entitled to proceed because he is actually innocent, the Court rejects this assertion. To meet the actual innocence exception to limitations, movant must show that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 38-87 (2013); *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, movant is relying on alleged legal, not factual, innocence. He does not have any new evidence.

equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Esquivel must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Esquivel's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, Esquivel has not alleged any facts that would support equitable tolling. He has not shown that he was diligently pursuing his rights and that some extraordinary circumstance prevented the timely filing of his motion.

In sum, Esquivel's motion under § 2255, constructively filed on November 23, 2020, was filed over four years beyond the September 22, 2016 expiration of the one-year limitation period under 28 U.S.C. § 2255(f)(1), and as he has not offered any persuasive argument for a later limitations start date under §§ 2255(f)(2)-(4), and has made no showing to invoke equitable tolling. Accordingly, the § 2255 motion must be dismissed with prejudice as untimely.

## IV.     CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed, R. App. P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings now requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009). This Court may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Esquivel has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the reasons stated in this Order.

## V.   CONCLUSION

For the foregoing reasons, Eduardo Torres Esquivel's motion to vacate under 28 U.S.C. § 2255 (ECF No. 1), as amended (ECF Nos. 4, 5) is **DISMISSED with prejudice** as untimely. It is further **ORDERED** that a certificate of appealability is **DENIED**. Pursuant to Federal Rule of Civil Procedure 58(a), a final judgment shall issue separately.

**SO ORDERED** this **11th day** of **February, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE